**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   Linda C. Miller

Case No.:   18-29286  VFP

Judge:   Honorable Vincent F. Papalia

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original        ☑ Modified/Notice Required        Date:   September 18, 2020
☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

## YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

| Initial Debtor(s)' Attorney | /s/ RIL | Initial Debtor: | /s/ LCM | Initial Co-Debtor | |

## Part 1: Payment and Length of Plan

    a. **The debtor has paid $5,670.00 to the Chapter 13 Trustee over the first 23 months through August 2020 and shall pay begin paying $200.00 to the Chapter 13 Trustee, starting on September 1, 2020 for approximately 37 months.**

    b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion:

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:

- ☑ Loan modification with respect to mortgage encumbering property:
  Description: **381 Greenleaf Avenue, Englewood NJ**
  Proposed date for completion: **N/A as has been achieved**

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☑ Other information that may be important relating to the payment and length of plan:
**Debtor has entered into a permanent loan modification with MidFirst Bank but there are post petition arrears on the loan modification that was resolved with an Order entered September 3, 2020.**

## Part 2: Adequate Protection    X NONE

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Law Office of Ronald I. LeVine** | Administrative | **Est. Balance $1,500.00** |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None

|  | The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4): | | |
|---|---|---|---|
| Creditor | Type of Priority | Claim Amount | Amount to be Paid |

**Part 4: Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Midland Mortgage | 381 Greenleaf Avenue, Englewood NJ | Post petition arrears on permanent loan modification | N/A | Post petition arrears on loan modification $3,265.20 | $1,586.67 per month subject to annual increase in escrow pursuant to R.E.S.P.A. |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
**State of NJ Office of Inspector General Social Security Administration for Judgment lien DJ-198244-2017, based on fraud will be paid outside the plan and with retention of lien.**

**g. Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims     ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☐  Not less than ___ percent

☑  *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases     X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions     X NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local**

form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

### a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).  ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

### a. Vesting of Property of the Estate
☑ Upon Confirmation
☐ Upon Discharge

### b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

### d. Post-Petition Claims

5

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:  Modification    ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:   __June 5, 2020__   .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To provide for post petition arrears on a loan modification. | See Part 1(a)  and 4(a) |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☑ Yes    ☐ No

### Part 10 :  Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:  **September 18, 2020**          /s/ Linda C. Miller
                                         **Linda C. Miller**
                                         Debtor

Date:  _____           _____
                                         Joint Debtor

Date   **September 18, 2020**           /s/ Ronald I. LeVine, Esq.
                                         **Ronald I. LeVine, Esq.**
                                         Attorney for the Debtor(s)

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:  
Linda C. Miller  
    Debtor

Case No. 18-29286-VFP  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Sep 21, 2020  
                    Form ID: pdf901     Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 23, 2020.
```
db              +Linda C. Miller,    381 Greenleaf Avenue,    Englewood, NJ 07631-1506
517781975       +AR Resources Inc,    Attn: Bergen Community College,    1777 Sentry Parkway W,
                  Blue Bell, PA 19422-2206
517781976       +Bergen County Impovement Authority,    327 E. Ridgewood Avenue,    Paramus, NJ 07652-4819
517909005       +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
517781979       +Midfirst Bank,    Attn: KML Law Group, P.C.,    216 Haddon Avenue, Suite 406,
                  Wesmont, NJ 08108-2812
517781980       +Midland Mortgage,    999 N.W. Grand Blvd., Ste 110,    Oklahoma City, OK 73118-6051
517781981       +State of New Jersey Office of Inspector,    Attn: Attorney General of NJ,    25 Market Street,
                  Trenton, NJ 08611-2148
517918269        UNITED STATES DEPARTMENT OF EDUCATION,    CLAIMS FILING UNIT,    PO BOX 8973,
                  MADISON WI 53708-8973
517781983       +US Department of Education,    POB 7860,    Madison, WI 53707-7860
517781984       +Woodcrest Health Care Center,    Attn: Lite Depalma Greenberg,    Two Gateway Center,
                  Newark, NJ 07102-5005
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Sep 21 2020 23:57:42     U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 21 2020 23:57:39     United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ  07102-5235
517903742       +E-mail/Text: g20956@att.com Sep 21 2020 23:58:04     AT&T Mobility II LLC,
                  %AT&T SERVICES INC.,    KAREN A. CAVAGNARO  PARALEGAL,    ONE AT&T WAY, SUITE 3A104,
                  BEDMINSTER, NJ. 07921-2693
517781977       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 22 2020 00:07:31
                  Capital One Bank, N.A.,    POB 30285,    Salt Lake City, UT 84130-0285
517781978       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 21 2020 23:57:24
                  Comenity Bank/New York and Co,    POB 182789,    Columbus, OH 43218-2789
517890445       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 22 2020 00:07:43     Directv, LLC,
                  by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517903950        E-mail/Text: bnc-quantum@quantum3group.com Sep 21 2020 23:57:33
                  Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
517781982       +E-mail/Text: EBankruptcy@UCFS.NET Sep 21 2020 23:58:18     United Consumer Financial,
                  865 Bassett Road,    Westlake, OH 44145-1194
                                                                                                TOTAL: 8
```

       ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 23, 2020                                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 19, 2020 at the address(es) listed below:
```
              Denise E. Carlon     on behalf of Creditor    MIDFIRST BANK dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Kevin Gordon McDonald     on behalf of Creditor    MIDFIRST BANK kmcdonald@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann Greenberg     magecf@magtrustee.com
              Robert Wachtel     on behalf of Debtor Linda C. Miller rwachtel@ronlevinelaw.com,
               ronlevinelawfirm@gmail.com
              Ronald I. LeVine     on behalf of Debtor Linda C. Miller ronlevinelawfirm@gmail.com,
               irr72645@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
```

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: Sep 21, 2020
                              Form ID: pdf901          Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
                                                                                                TOTAL: 6