Order Filed on May 4, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

RONALD R. LeVINE, Esq.
210 River Street - Suite 11
Hackensack, New Jersey  07601
(201) 489-7900
Attorney for Debtor, Linda C. Miller

| | |
|---|---|
| In Re: | Case No. 18-29286/VFP |
| **LINDA C. MILLER,** | Chapter:   13 |
| Debtor. | Hearing Date: |
| | Judge:   Vincent F. Papalia |

**MODIFIED FORM**

**REVISED ORDER AUTHORIZING PROPOSED POST-PETITION LOAN
MODIFICATION PURSUANT TO 11 U.S.C. §364 AND FED. R. BANKR. P. 4001(c)**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: May 4, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page: 2
Debtor: Linda C. Miller
Case No.: 18-29286/VFP - Chapter 13
Caption: **Revised Order Authorizing Proposed Post-Petition Loan Modification Pursuant to 11 U.S.C. §364 and Fed. R. Bankr. P. 4001(c)**

**THIS MATTER**, being opened before the Court by Ronald I. LeVine, Esq., attorney for the debtor, Linda C. Miller, and this Court having considered argument of counsel and good cause appearing, and there being no opposition.

**IT IS HEREBY,**

**ORDERED**, that the debtor is hereby authorized to enter into a loan modification on her first mortgage held by Midland Mortgage, A Division of MidFirst Bank; and it is further,

**ORDERED,** that per the terms of the loan modification agreement unpaid principal balance will be $175,304.60 and will be re-paid over the next 30 years at a rate of 3.50%; and it is further,

**ORDERED,** that the principal and interest payment will be $1,657.10 beginning April 1, 2022; and it is further,

**ORDERED,** that the debtor's initial estimated monthly escrow payment will be $869.90 and will be subject to adjustment upon annual changes to the debtor's escrow account; and it is further,

**ORDERED,** that the loan modification agreement cures any and all escrow delinquencies and shall bring the debtor's mortgage current but for any uncapitalized fees and costs which are to be reflected in an amended proof of claim; and it is further,

**ORDERED,** that the post-petition arrears have been capitalized into the loan modification agreement but for any uncapitalized fees and costs which are to be reflected in an amended proof of claim and the Chapter 13 Trustee shall not make any further distributions at this time on Claim No. 4, filed by MidFirst Bank unless and until Claim No. 4 is amended subsequent to the entry of this Order; and it is further,

**ORDERED**, that the Claim No. 4 shall be amended to reflect the terms of the modification;

**ORDERED**, that the Debtor reserves the right to object to the new unpaid principal balance which as reflected in the loan modification; and it is further,

| | |
|---|---|
| **Page:** | 3 |
| **Debtor:** | Linda C. Miller |
| **Case No.:** | 18-29286/VFP - Chapter 13 |
| **Caption:** | **Order Approving Proposed Post-Petition Loan Modification Pursuant to 11 U.S.C. §364 and Fed. R. Bankr. P. 4001(c)** |

**ORDERED**, that the Debtor reserves the right to object to any amended claim filed after the entry of this Order and the calculations used as the basis for that amended claim; and it is further,

**ORDERED,** that the loan modification agreement must be fully executed no later than 14 days from the date of this Order. If it is not, the secured creditor, within 14 days, must file with the Court and serve on the debtor, debtor's attorney, if any, and the Standing Chapter 13 Trustee a Certification indicating why the loan modification agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and it is further,

**ORDERED**, that the 14 day period under Fed. R. Bankr. P. 6004 is hereby waived.